# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF CALIFORNIA

'08 MJ 1809

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>       Plaintiff,<br><br>       v.<br><br>**Jose De Jesus SOTO-Castro**<br><br><br><br>       Defendant, | Magistrate Docket No. _____<br>Case No. _____<br><br>COMPLAINT FOR VIOLATION OF:<br><br>**Title 8 USC, Section 1326**<br><br>Deported Alien Found in the United States<br><br>(Felony) |

The undersigned complainant, being duly sworn, states:

On or about June 7, 2008, within the Southern District of California, Defendant Jose De Jesus SOTO-Castro, an alien, who previously had been excluded, deported and removed from the United States to Mexico, was found in the United States, without the Attorney General or his designated successor, the Secretary of the Department of Homeland Security (Title 6, United States Code, Sections 202(3) and (4), and 557), having expressly consented to the defendant's reapplication for admission into the United States; in violation of Title 8, United States Code, Section 1326.

And the complainant states that this complaint is based on the attached statement of facts, which is incorporated herein by reference.

_____
Chris Watkins, Senior Special Agent
U.S. Immigration & Customs Enforcement

Sworn to before me and subscribed in my presence, this 10th day of June, 2008.

_____
Hon. Ruben B. Brooks
U.S. Magistrate Judge

## STATEMENT OF FACTS

On June 7, 2008, SOTO was arrested in the city of Escondido, CA, by Escondido Police Officer Davidson for violation of California Penal Code 647 (F), Drunk in Public. ICE Special Agent David Whitacre was working in Escondido at the time of the encounter and was contacted to confirm that SOTO was a deportable alien. SA Whitacre conducted automated checks and confirmed that SOTO is a citizen and native of Mexico without any documents to enter or remain in the United States.

A review of records maintained by the U.S. Department of Homeland Security reveals that SOTO is a native and citizen of Mexico, and that he was deported from the United States to Mexico on December 18, 2001, through the port at Calexico, California. These same records indicate that this deportation was pursuant to an order by an immigration judge dated February 2, 2000. A Warrant of Deportation was observed which documents SOTO' physical removal from the United States to Mexico on December 18, 2001. A Report of Deportable/Inadmissible Alien identifying SOTO as a native and citizen of Mexico was reviewed. Fingerprints and photographs taken by immigration officers in preparation for SOTO's deportation were included in this document review.

On June 9, 2008, upon transfer to ICE and arrival to the San Diego federal building, an IDENT query was conducted on SOTO' index fingerprints, which yielded a match to his alien file and immigration history. The IDENT system provided photographs of SOTO and index fingerprints, which were taken by immigration officers during processing for removal from the United States.

At approximately 10:29 a.m., ICE SA Haynes read SOTO his Miranda rights, in the Spanish language, in the presence of ICE SA Watkins. SOTO stated that he understood his rights and acknowledged the understanding of his rights by signing the waiver portion of a rights form. SOTO further advised SA's Haynes and Watkins that he would answer questions without the presence of an attorney. This admonishment, stated understanding and waiver of rights was videotaped.

During the interview SOTO told SA's Haynes and Watkins substantially the following:

SOTO stated that he was born on August 28, 1969, in Zacatecas, Zacatecas, Mexico. SOTO stated that his mother and father are Mexican citizens. SOTO then stated that he is a citizen of Mexico.

SOTO further admitted to having been previously deported approximately 6 years ago. He claimed that he re-entered the U.S. by jumping the fence in the hills near Otay Mesa, California.

When asked if he had applied for permission to lawfully return to the United States after his deportations, he responded in the negative.

A review of the records maintained by the U.S. Department of Homeland Security produced no evidence that SOTO has applied for or been granted permission to lawfully return to the United States after deportation.